# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**
No. 14-1111V
Filed: April 18, 2016
Not for Publication

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| EULA JANE MATTHEWS,        * | |
| * | |
| Petitioner,    * | Attorneys' fees and costs decision; |
| * | hours reasonably expended; time |
| v.                            * | billed for basic legal research |
| * | |
| SECRETARY OF HEALTH    * | |
| AND HUMAN SERVICES,    * | |
| * | |
| Respondent.    * | |
| * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Gil L. Daley, II, Fort Worth, TX, for petitioner.
Althea W. Davis, Washington, DC, for respondent.

**MILLMAN, Special Master**

### DECISION AWARDING ATTORNEYS' FEES AND COSTS[1]

On November 14, 2014, petitioner filed a petition for compensation under the National Childhood Vaccine Injury Act, 42 U.S.C. §§ 300aa-10–34 (2012). Petitioner alleged that she suffered Guillain-Barré syndrome ("GBS") and chronic inflammatory demyelinating polyneuropathy ("CIDP") caused by her receipt of the influenza ("flu") vaccine on November 18, 2011. On November 30, 2015, the undersigned issued a decision awarding compensation to petitioner based on the parties' stipulation.

---

[1] Because this unpublished decision contains a reasoned explanation for the special master's action in this case, the special master intends to post this unpublished decision on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). Vaccine Rule 18(b) states that all decisions of the special masters will be made available to the public unless they contain trade secrets or commercial or financial information that is privileged and confidential, or medical or similar information whose disclosure would constitute a clearly unwarranted invasion of privacy. When such a decision is filed, petitioner has 14 days to identify and move to redact such information prior to the document's disclosure. If the special master, upon review, agrees that the identified material fits within the banned categories listed above, the special master shall redact such material from public access.

On March 23, 2016, petitioner filed a motion for attorneys' fees and costs. Petitioner requests attorneys' fees and costs for attorney Gil Daley in the amount of $50,984.56, which includes a total of $3,599.56 in costs. Petitioner also asks for attorneys' fees for her prior attorney, Cleve Doty, in the amount of $1,917.50. The total amount of attorneys' fees and costs that petitioner requests is $52,902.06. In compliance with General Order #9, petitioner has filed a signed statement saying that she did not incur any costs in pursuit of her claim.

On April 4, 2016, respondent filed a response to petitioner's motion stating that it is within the "Special Master's discretion . . . to issue an award in this case which, in her experience and judgment and based upon her 'overall sense' of the case, is reasonable for the work done." Resp. at 4. On April 5, 2016, petitioner filed a reply to respondent's response, arguing "[e]ach case is different and unique," and that petitioner's attorneys had spent a reasonable amount of time on the case. Reply at 1-2. On April 11, 2016, at the undersigned's request, petitioner filed the invoice for the time billed by Dr. Krusz.

Under the Vaccine Act, a special master or a judge on the U.S. Court of Federal Claims shall award reasonable attorneys' fees and costs for any petition that results in an award of compensation. 42 U.S.C. § 300aa-15(e)(1); Sebelius v. Cloer, 133 S. Ct. 1886, 1893 (2013). In the instant case, petitioner was compensated based on the parties' stipulation. Therefore, the undersigned is satisfied that attorneys' fees and costs should be awarded to petitioner.

The undersigned finds that the hourly rates petitioner requests for the work done by Mr. Daly and Mr. Doty are reasonable. The vast majority of the time billed by petitioner's attorneys is also reasonable. However, the amount billed for two categories of petitioner's attorneys' work, namely, the amount requested for Mr. Daly's text messaging and the time Mr. Doty spent on basic legal research, is excessive. Accordingly, the undersigned reduces the amount awarded to petitioner by $4,225.00.

The amount of time that Mr. Daly billed for texting his client, Mr. Doty, and petitioner's expert is excessive. Mr. Daly billed 13 hours for 65 text messages between himself, Ms. Matthews, Mr. Doty, and Dr. Krusz. Pet'r's Mot. Ex. 1, at 6. Therefore, Mr. Daly charged $4,225.00 to send and receive 65 text messages, which is $65.00 per message. The undersigned thinks this amount is excessive, and reduces the requested attorneys' fees by 80%, or **$3,380.00**.

The undersigned also finds that Mr. Doty should not have billed for time spent researching the Vaccine Program and federal statutes. Mr. Doty billed 2.6 hours for "[r]esearch re: vaccine injury claim system, federal statutes, and medical background re: Jane's condition and those making vaccine injury claims." Pet'r's Mot. Ex. 2, at 1. Many special masters, including the undersigned, have held that it is inappropriate for counsel to bill time for educating themselves about basic aspects of the Vaccine Program. In Calise v. Secretary of Health and Human Services, the undersigned reduced petitioner's counsel's billings for "research into the elementary principles of vaccine litigation," noting, "basic education [is] not compensable under the Program." No. 08-865V, 2011 WL 2444810, at *5 (Fed. Cl. Spec. Mstr. June 13, 2011). In Tison v. Secretary of Health and Human Services, former Special

Master Baird found that petitioner's counsel had "spent an excessive amount of time researching and reviewing the statute and legislative history." No. 89-43V, 1990 WL 293369, at *2 (Cl. Ct. Spec. Mstr. May 25, 1990). In another case, Special Master Hamilton-Fieldman reduced petitioner's counsel's fees for time spent on basic legal research, stating that one test for whether the hours billed by counsel are reasonable is "whether a hypothetical petitioner, who had to use his own resources to pay his attorney for Vaccine Act representation, would be willing to pay for such expenditure," citing Riggins v. Secretary of Health and Human Services, No. 99–382V, 2009 WL 3319818, at *3 (Fed. Cl. Spec. Mstr. June 15, 2009), mot. for rev. denied (Fed. Cl. Dec. 10, 2009), aff'd, 406 Fed. Appx. 479 (Fed. Cir. 2011). O'Neill v. Sec'y of HHS, No. 08-243V, 2015 WL 2399211, at *2 (Fed. Cl. Spec. Mstr. Apr. 18, 2015). Petitioner would surely not find it reasonable to pay for her counsel to perform basic research on the vaccine injury claim system and federal statutes. Therefore, the undersigned does not think it is reasonable to pay petitioner for the 2.6 hours Mr. Doty spent on basic legal research, and reduces the attorneys' fees awarded to petitioner by **$845.00**.

Based on her experience and review of the billing records and invoices submitted by petitioner, the undersigned finds it reasonable to award the requested attorneys' fees to petitioner, reduced by $4,225.00. Therefore, the undersigned **GRANTS** petitioner's motion for attorneys' fees and costs. The undersigned awards **$48,677.06**, representing reimbursement for attorneys' fees and costs. The award shall be in the form of a check made payable jointly to petitioner and the Law Office of Gil L. Daly, II, P.C. in the amount of **$48,677.06**.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[2]

**IT IS SO ORDERED.**

Dated: April 18, 2016                                   s/ Laura D. Millman
                                                        Laura D. Millman
                                                        Special Master

---

[2] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party, either separately or jointly, filing a notice renouncing the right to seek review.